# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARQUITA PENNY, Individually and on Behalf of C.L. & O.B., | §<br>§<br>§ Civil Action No. 4:20-CV-00834<br>§ Judge Mazzant |
| *Plaintiffs*, | § |
| v. | §<br>§ |
| BOSTON SCIENTIFIC CORPORATION, | §<br>§ |
| *Defendant*. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Boston Scientific Corporation's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum in Support Thereof (Dkt. #15). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On October 23, 2018, Marquita Penny ("Penny") underwent surgery at Paris Regional Medical Center to treat her diagnosis of stress urinary incontinence (Dkt. #9 ¶ 33). During the surgery, Penny had the Mid-Urethral Sling System ("Advantage Fit") device implanted inside of her (Dkt. #9 ¶ 33). The Advantage Fit is a medical device designed, manufactured, marketed, packaged, labeled, and sold by Boston Scientific Corporation ("Boston Scientific") (Dkt. #9 ¶ 7). As a result of the implantation of the Advantage Fit, Penny was subsequently admitted to "several hospitals and/or received emergency medical treatment for issues caused by the device implantation including, but not limited to" bladder pain, painful urination, inability to void requiring daily self-catherization, stomach pain, vaginal bleeding, chronic kidney infections,

chronic urinary tract infections, back pain, kidney pain, pelvic pain, abdominal pain, vaginal pain, nausea, kidney blockage, and hematuria (Dkt. #9 ¶ 34).

The Advantage Fit is a product "targeted at women who suffer from pain, discomfort, and urinary incontinence," and Boston Scientific represents the Advantage Fit can "correct and restore normal vaginal structure by implantation of polypropylene mesh in the vaginal wall tethered in place by two arms that extend up through a woman's pelvis" (Dkt. #9 ¶ 7). Plaintiffs claim that products like the Advantage Fit "are specifically promoted to physicians and patients as an innovative, minimally invasive procedure with minimal local tissue reactions, minimal tissue trauma, and minimal pain while correcting urinary incontinence" (Dkt. #9 ¶ 7). Plaintiffs further claim that "scientific evidence shows that the [monofilament polypropylene mesh in the Advantage Fit] is biologically incompatible with human tissue and promotes an immune response[,]" which in turn "promotes degradation of the mesh material and contributes to the formation of severe adverse reactions to the mesh" (Dkt. #9 ¶ 9).

On October 23, 2020, Penny filed this suit against Boston Scientific (Dkt. #1). Penny has brought claims for (1) loss of consortium; (2) negligence; (3) gross negligence; (4) strict liability: design defect; (5) strict liability: manufacturing defect; (6) strict liability: failure to warn; (7) breach of implied warranty; (8) fraudulent misrepresentation; and (9) vicarious liability (Dkt. #9). On January 11, 2021, Boston Scientific filed this Motion to Dismiss (Dkt. #15). On February 14, 2021, Penny responded (Dkt. #18), and Boston Scientific filed its Reply on February 22, 2021 (Dkt. #21).

**LEGAL STANDARD**

**I. Rule 12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**II. Rule 9(b)**

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged.  *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).  A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002).  The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims."  *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)

(citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)).  Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations.  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).  However, this requirement "does not 'reflect a subscription to fact pleading.'"  *Grubbs*, 565 F.3d at 186.  "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."  *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims.").  Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6).  *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After reviewing the Amended Complaint and relevant motions, the Court finds that Penny has stated plausible claims against Boston Scientific up which relief could be granted. Therefore, Boston Scientific's Motion to Dismiss is denied.

**CONCLUSION**

It is therefore **ORDERED** Boston Scientific Corporation's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum in Support Thereof (Dkt. #15) is hereby **DENIED.**

**SIGNED this 1st day of March, 2021.**

*/s/ Amos Mazzant*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE